UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JESSE WATKINS, individually and on behalf of all others similarly situated, | CLASS ACTION |
| Plaintiff, | Case No. 1:25-cv-538 |
| vs. | JURY TRIAL DEMANDED |
| EYEBUYDIRECT, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

1. Plaintiff, Jesse Watkins ("Plaintiff"), brings this action against Defendant, EyeBuyDirect, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is an online retailer of eyeglasses and sunglasses that ships its products nationwide and internationally.

4. To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the TCPA, even after customers request Defendant to stop texting them.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Defendant is subject to specific personal jurisdiction in Texas because Defendant's headquarters are located in this state and this suit arises out of and relates to Defendant's significant contacts with this State. Defendant initiated and directed, or caused to be initiated and directed, calls from within Texas in violation of the TCPA. Plaintiff's claims for violation of the TCPA against Defendant, and the resulting injuries caused to Plaintiff by Defendant's calls, which includes the invasion of Plaintiff's privacy, arose in substantial part from Defendant's direction of those messages from within Texas.

8. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered in this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the State of Texas and, on information and belief, Defendant has sent the same messages complained of by Plaintiff to other individuals within this judicial district, such that

some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the State of Texas.

## PARTIES

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Davis County, Utah.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole suscriber of the residential telephone number 701-***-9961 (the "9961 Number") that received Defendant's telephonic sales calls.

11. Defendant is a Texas company whose principal place of business is at 2801 S Interstate 35 Ste 170, Austin, TX78741, United States.

12. Defendant directs, markets, and provides its business activities throughout United States and the State of Texas.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

14. Beginning in or around February 5, 2024, Defendant began bombarding Plaintiff with telemarketing text messages to Plaintiff's cellular telephone number ending in 9961 (the "9961 Number"), from Defendant's 95693 number.

15. Defendant's messages did not contain any specific opt out instructions.

16. On or about September 27, 2024 Plaintiff to responded to Defendant's 95693 number with the message "STOP," using standard opt out language, in an attempt to opt-out of any further text message communications with Defendant:





17.     Within seconds after Plaintiff sent the opt-out request, Defendant responded, acknowledging Plaintiff's explicit request to opt-out from further communication with Defendant and confirming Plaintiff has been opted-out.

18.     Despite Plaintiff's unequivocal opt-out request and Defendant's subsequent opt-out confirmation, Defendant ignored Plaintiff's opt-out request and continued to bombard Plaintiff with more unwanted telemarketing text messages, beginning again on at least November 7, 2024, as shown below:



19.     Defendant continued to bombard Plaintiff with further unwanted text messages, through 2024 and 2025, prompting Plaintiff to respond with additional opt out requests on or about

January 17, 2025, and February 8, 2025, as shown below. Plaintiff to responded to Defendant's 95693 number with the messages "STOP," using standard opt out language, yet again, in an attempt to opt-out of any further text message communications with Defendant:



20.    Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

21. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

22. For example, these facts suggest that Defendant has failed to maintain a master opt-out list and/or failed to maintain internal policies to sufficiently honor the opt-out requests made by Plaintiff and the Class members.

23. Plaintiff's and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

24. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

25. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's eyewear products.

26. The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

27. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

28. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

29. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

30. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

31. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that extent was expressly revoked on at least September 27, 2024 when Plaintiff responded to Defendant with the message "STOP."

32. Plaintiff is the subscriber and sole user of the 9961 Number and is financially responsible for phone service to the 9961 Number.

33. Plaintiff's 9961 Number is his residential number which he uses for personal purposes.

34. The text messages originated from telephone number 95693, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

35. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to his daily life.

36. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that he has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what he was doing to either retrieve his phone and/or look down at the phone to review the message.

37. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted calls. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of his time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

38. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

39. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's residential telephone number *after* making a request to Defendant to not receive future text messages.**

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in each Class, but believes the Class members number in the several thousands, if not more.

41. Also excluded from the Class are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

### NUMEROSITY

42. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Texas without their prior express written consent and/or after they had requested to opt-out. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

43. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

44. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

[1] Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

[2] Whether Defendant violated 47 C.F.R. § 64.1200(d);

[3] Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

[5] Whether Defendant keeps records of text recipients who revoked consent to receive texts;

[6] Whether Defendant has any written policies for maintaining an internal do not call list

[7] Whether Defendant's conduct was knowing and willful; and

[8] Whether Defendant is liable for damages, and the amount of such damages.

45. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls to consumers after they had requested to be opted out and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

46. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

47. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote,

and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(c)(2)
### (Individually and on behalf of the National Internal Do Not Call Class)

50. Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

51. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

52. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

53. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

54. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

55. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

56. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

57. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

58. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

59. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

61. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the calls as alleged herein.

Dated: April 10, 2025

Respectfully Submitted,

**SHAMIS & GENTILE P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Texas Bar # 24124558
ashamis@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class.*