UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESSE WATKINS, *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-538-RP |
| EYEBUYDIRECT, INC., | § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Defendant EyeBuyDirect, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. 12). Plaintiff Jesse Watkins, individually and on behalf of all others similarly situated, ("Plaintiff") filed a response, (Dkt. 13), and Defendant did not file a reply. After considering the motion and the relevant law, the Court will deny the motion.

### I. BACKGROUND

This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Plaintiff alleges that beginning on February 5, 2024, Defendant began sending telemarketing text messages to Plaintiff's cellular telephone number. (Am. Compl., Dkt. 10, at 3). The text messages instructed Plaintiff to "[r]eply STOP to opt-out." (*Id.* at 4). On September 27, 2024, Plaintiff responded to Defendant's number with the message "Stop." (*Id.*). Within seconds of Plaintiff sending the opt-out request, Defendant responded with an automated text message, acknowledging Plaintiff's request to opt out from further communications and confirming Plaintiff had been opted out. (*Id.* at 5). However, on November 7, 2024, Defendant began texting Plaintiff again. (*Id.*). Defendant continued to send Plaintiff further text messages through the end of 2024 and into 2025, prompting Plaintiff to respond with additional "stop" requests on January 17, 2025,

1

and February 8, 2025. (*Id.* at 6). Plaintiff's amended complaint contains texts received after the January 17, 2025, "stop" request, but not the February 8, 2025, request.

Based on these allegations, Plaintiff asserts that Defendant violated section 227(c)(5) of the TCPA, which establishes a private right of action for anyone "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). Plaintiff bases his section 227(c) claim on 47 C.F.R. § 64.1200(d), which, in turn, provides that "[n]o person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." *Id.* Plaintiff asserts that Defendant's continued texts, despite Plaintiff's explicit requests for Defendant to stop, demonstrate Defendant has not established the following required procedures: "a written policy, available upon demand, for maintaining a do-not-call list," 47 C.F.R. § 64.1200(d)(1); training of personnel in the "existence and use of the do-not-call list," 47 C.F.R. § 64.1200(d)(2); recording and honoring of all opt-out requests within a reasonable time from the date the request was made, 47 C.F.R. § 64.1200(d)(3); and the maintenance of an internal do-not-call list, 47 C.F.R. § 64.1200(d)(6).

Defendant moved to dismiss the first amended complaint on July 7, 2025. (Mot., Dkt. 12). The motion argues that (1) 47 C.F.R. § 64.1200(d) applies only to artificial or prerecorded-voice telephone calls, not text messages; and (2) Plaintiff has not adequately alleged that Defendant failed to properly train its personnel. (*Id.*). Plaintiff responded in opposition on July 7, 2025. (Dkt. 13).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina*

2

*Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

### A. 47 C.F.R. § 64.1200(d) Applies to Text Messages

Defendant argues that 47 C.F.R. § 64.1200(d) applies only to artificial or prerecorded-voice telephone calls, not text messages, based on its plain text:

> No person or entity shall initiate any *artificial or prerecorded-voice telephone* call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity.

*Id.* However, subsection 64.1200(e), which directly follows, makes 64.1200(d) "applicable to any person or entity making . . . text messages to wireless telephone numbers." 47 C.F.R. § 64.1200(e). Defendant also acknowledges that subsection 64.1200(e) "indicates that subsection (d) is applicable to calls or text messages." (Mot., Dkt. 12, at 4).[1]

Though the Court could end its analysis here, it further notes that other courts have also held that 47 C.F.R. § 64.1200(d) applies to text messages, pursuant to subsection 64.1200(e). *See, e.g., Abboud v. Circle K Stores Inc.*, No. CV-23-01683, 2025 U.S. Dist. LEXIS 13605, at *12 (D. Ariz. Jan. 27, 2025) ("A telephone solicitation can be a call or text message."); *Misner v. Empire Auto Protect, LLC*, No. 2:24-cv-1282, 2024 U.S. Dist. LEXIS 202146, at *9 (S.D. Ohio Nov. 6, 2024) ("This holding is consistent with the FCC's regulation explaining that 47 C.F.R. § 64.1200(d) applies equally to text messages sent to wireless telephone numbers."); *Hudson v. Palm Beach Tan, Inc.*, No. 1:23CV486, 2024 U.S. Dist. LEXIS 165676, at *17 (M.D.N.C. Aug. 12, 2024).

---

[1] Defendant's only argument against the applicability of subsection 64.1200(e) is that 64.1200(e) "does eliminate the 'artificial or prerecorded voice' requirement of the regulation." (Mot., Dkt. 12, at 4). Even assuming that Defendant meant to argue that subsection 64.1200(e) does *not* eliminate the artificial or prerecorded-voice requirement, this argument holds no water. Subsection 64.1200(e), by its plain terms, makes subsection 64.1200(d) applicable to the text messages at issue here.

4

Though Defendant offers cases that purport to apply the TCPA only to artificial or prerecorded-voice telephone calls, these cases address section 227(b)(1)(A)(iii), which is not at issue here. (*See* Mot., Dkt. 12, at 4 n.8–9 (citing *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640 (5th Cir. 2015); *Ortega v. Elite Living Realty, LLC*, No. 5:24-CV-0768-JKP, 2025 U.S. Dist. LEXIS 96044, at *9 (W.D. Tex. May 20, 2025); *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1158 (9th Cir. 2023); *Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*, 101 F.4th 176, 187 (2d Cir. 2024)). In this case, Plaintiff does not rely on section 227(b)(1)(A)(iii)[2] but rather on section 227(c)(5). Defendant's cited cases therefore fail to support its position. Indeed, in *Ortega v. Elite Living Realty, LLC*, another judge of this Court applied subsection 64.1200(d) to text messages when analyzing the plaintiff's alternative theory under section 227(c)(5).[3] *Ortega*, 2025 U.S. Dist. LEXIS 96044, at *7–9. Though the judge ultimately held that there was no violation because the plaintiff's "stop" request was honored within 30 days, as required by the regulation,[4] the instant case is distinguishable because Plaintiff alleges continued solicitations well outside 30 days. *Id.* at *9. Accordingly, the Court concludes that 47 C.F.R. § 64.1200(d) applies to text messages and will decline to dismiss Plaintiff's complaint on this ground.

### B. Plaintiff Plausibly Alleges Defendant's Failure to Comply with Section 64.1200(d)

Plaintiff asserts that Defendant's refusal to honor Plaintiff's opt-out request for over five months demonstrates that Defendant has not instituted procedures that meet the minimum standards laid out in 47 C.F.R. § 64.1200(d). (Am. Compl., Dkt. 10, at 8). Specifically, Plaintiff alleges that Defendant failed to establish: (1) "a written policy, available upon demand, for

---

[2] Section 227(b)(1)(A)(iii) makes it unlawful to make any call using an automatic telephone dialing system or prerecorded voice to place a call without the recipient's consent.
[3] The plaintiff in *Ortega* alleged claims under sections 227(b)(1)(A)(iii) and 227(c)(5) of the TCPA, but Defendant cites only that court's holding on the 227(b)(1)(A)(iii) claim, contending that it applies to Plaintiff's 227(c)(5) claim here.
[4] The regulation now requires entities that receive do-not-call requests comply within 10 business days, but the events in the instant case took place before that change went into effect. 47 C.F.R. § 64.1200(d)(3).

5

maintaining a do-not-call list," 47 C.F.R. § 64.1200(d)(1); (2) training of personnel in the "existence and use of the do-not-call list," 47 C.F.R. § 64.1200(d)(2); (3) the recording and honoring of all opt-out requests by a consumer to not receive solicitations, 47 C.F.R. § 64.1200(d)(2); and (4) the maintenance of an internal do-not-call list, 47 C.F.R. § 64.1200(d)(6). Defendant argues that Plaintiff has not plausibly alleged that Defendant failed to properly train its employees because it relies "solely on the allegations that [Plaintiff] continued to receive text messages from [Defendant] after sending opt-out requests." (Mot., Dkt. 12, at 5).

The Court concludes that Plaintiff has adequately plead his claim. District courts have concluded that a plaintiff sufficiently alleges a lack of adequate procedures if they allege that the defendant "did not have reasonable practices and procedures in place to effectively prevent telephone solicitations . . . as evidenced by its calls to [the p]laintiff who repeatedly requested [the d]efendants stop calling." *Buja v. Novation Capital, Ltd. Liab. Co.*, No. 15-81002-CIV-MARRA, 2017 U.S. Dist. LEXIS 231500, at *14 (S.D. Fla. Mar. 30, 2017); *see also Adam v. CHW Grp., Inc.*, No. 21-CV-19-LRR, 2021 U.S. Dist. LEXIS 170620, at *22 (N.D. Iowa Sep. 9, 2021) ("Here, Adam requested that CHW stop calling him, CHW did not, and based on CHW's failure to stop calling him, Adam alleges that CHW violated the procedures required in 47 C.F.R. § 64.1200(d)."); *Kirkland v. JD Byrider DFW Tex. Inc.*, No. 3:23-CV-1939-X, 2024 U.S. Dist. LEXIS 5627, at *2 (N.D. Tex. Jan. 10, 2024) ("Here, Kirkland plausibly alleges he requested to not receive communications from JD ByRider and they continued even after 30 days. He has pled a claim that plausibly and textually complies with then-current federal regulations.").

In other words, "[c]ourts have inferred that internal do-not-call procedures are deficient when calls to an individual who has requested not to be called continue," especially if they continue beyond 30 days. *See, e.g.*, *Mattson v. Quicken Loans. Inc.*, No. 3:18-CV-00989-YY, 2018 U.S. Dist. LEXIS 180737, at *6 (D. Or. Oct. 22, 2018); *Rorty v. Quicken Loans Inc.*, 2012 U.S. Dist. LEXIS

6

198911, 2012 WL 12886842, at *7 (C.D. Cal. July 3, 2012); *Nece v. Quicken Loans, Inc.*, 2017 U.S. Dist. LEXIS 106098, 2017 WL 2865047, at *2 (M.D. Fla. Jan. 3, 2017); *Kazemi v. Payless Shoesource Inc.*, 2010 U.S. Dist. LEXIS 27666, at *9 (N.D. Cal. Mar. 16, 2010).

Here, Plaintiff alleges that he requested Defendant stop texting him on September 27, 2024. (Am. Compl., Dkt. 10, at 4). Defendant, within seconds, acknowledged the request and informed Plaintiff that he had been opted out, suggesting that Defendant could immediately remove Plaintiff from its contact list. (*See id.*). However, on November 7, 2024, more than 30 days after Plaintiff's opt-out request, Defendant began texting Plaintiff again. (*Id.* at 5). Defendant continued to do so for four more months until February 8, 2025, despite one more "stop" request. (*Id.* at 6). Assuming these allegations are true, this Court will follow other courts in inferring that Defendant failed to follow the 47 C.F.R. § 64.1200(d) standards. Accordingly, Plaintiff has adequately pleaded his claim.

Defendant cites only one case that suggests a plaintiff must allege more than a defendant's failure to stop texting the plaintiff despite requests to stop. (Mot., Dkt. 12, at 6). In *Callier v. Defendant Home Loans, Inc.*, another judge of this Court found that the plaintiff had failed to plead sufficient facts to allege a violation of 47 C.F.R. § 64.1200(d)(2), the personnel training requirement. No. EP-22-CV-49-DB, 2022 U.S. Dist. LEXIS 205057, at *15–17 (W.D. Tex. Nov. 10, 2022). In doing so, the judge noted that a violation of the subsection can be alleged by, for example, "specific evidence that the callers were not 'informed and trained in the existence and use of the DNC list' . . . [such as] for example, explain[ing] that the callers, when questioned, were unaware of the DNC policy or could not answer questions about the policy." *Id.* at *17. Defendant argues Plaintiff has alleged no such facts here.

As a preliminary matter, even if the Court were to agree that case applies, its reasoning would apply only to Plaintiff's claim under 47 C.F.R. § 64.1200(d)(2). Notably, despite dismissing the 47 C.F.R. § 64.1200(d)(2) claim, the *Callier* court allowed the plaintiff's 47 C.F.R. § 64.1200(d)(1)

7

claim to move forward. Even if the Court followed *Callier*, Plaintiff's claims that Defendant lacked a written policy, failed to record and honor opt-out requests, and failed to maintain an internal do-not-call list would survive here. Regardless, the Court finds that *Callier* is distinguishable. In that case, the plaintiff alleged that the defendant had called him despite his registration on the National Do-Not-Call Registry. *Callier*, 2022 U.S. Dist. LEXIS 205057, at *3. Based on this allegation, the plaintiff asserted that the defendant failed to train "individuals involved in telemarketing on the existence of and use of a do-not-call list." *Id.* (internal quotation marks omitted). The plaintiff never directly told the defendant to stop calling him. Here, on the other hand, Plaintiff alleges that he directly requested Defendant to stop calling him, and Defendant confirmed that he had been added to its internal do-not-call list. These allegations make it plausible that Defendant's personnel failed to follow internal do-not-call procedures, and thus that Defendant failed to train its personnel on these procedures. Accordingly, the Court will decline to dismiss any of Plaintiff's 47 C.F.R. § 64.1200(d) claims.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Dkt. 12), is **DENIED**.

**SIGNED** on August 28, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE